IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT HIGGINBOTHAM                                                                    PLAINTIFF

v.                          Civil No. 5:22-cv-05220

KRISTINA FELTON, Bentonville Police
Department, Records Division, Clerk                                                    DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Robert Higginbotham has filed this lawsuit purportedly under the Federal Freedom of Information Act, 5 U.S.C. § 552.[1] Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). The case is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2).

**I.   BACKGROUND**

Plaintiff maintains Defendant violated his rights granted by the Freedom of Information Act. (ECF No. 2 at 3). Plaintiff alleges that "[t]he defendant was a Records Division Clerk at [t]he Bentonville Police Department and violated plaintiff's rights granted by [t]he Freedom of Information Act by creating and distributing false evidence to the plaintiff in the form of a Police Report and Cell Phone Records related to the plaintiff's arrest." *Id.* at 4. Plaintiff indicates the police report was sent to him on August 30, 2021; the cell phone records were sent on October 20, 2021. *Id.*

Plaintiff bases his belief that the police report and cell phone records were falsified on "[t]he differences within the police reports obtained [during] the discovery phase of the plaintiff's legal proceedings and [those obtained] from the defendant." (ECF No. 2 at 4). From this,

---

[1] On his civil cover sheet, Plaintiff selected nature of suit code 895 which is for cases brought under 5 U.S.C. § 552.

1

Plaintiff concludes that "defendant has committed subordination of falsifying and distributing false evidence." *Id.*

As relief, Plaintiff indicates he would like to know on whose behalf Defendant falsified the records. (ECF No. 2 at 5). He also requests an award of "[a]ny other relief the [C]ourt deems just and equitable." *Id.*

## II.  APPLICABLE STANDARD

The Court is obligated to screen an IFP case prior to service of process being issued. On initial review, the Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014)(internal quotation marks and citation omitted).

The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has

2

asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. Pro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Stringer v. St. James R-1 School Dist.,* 446 F.3d 799, 802 (8th Cir. 2006)(cleaned up).

### III. DISCUSSION

#### A. The Federal Freedom of Information Act

The Federal "FOIA applies only to records of federal agencies and only gives this Court jurisdiction over requests for data from federal agencies." *Canada v. Olmsted Cnty. Comm. of Corr.*, 21-CV-2120 (NEB/DTS), 2022 WL 607482, at *5 (D. Minn. Mar. 1, 2022) (citing 5 U.S.C. §§ 551(1), 552(a)); *Mace v. EEOC*, 37 F. Supp. 2d 1144, 1150 n.6 (E.D. Mo. 1999) (finding that federal courts do "not have FOIA jurisdiction over a claim that a state agency withheld records")). The Bentonville Police Department is a city agency and Defendant is a city employee. Thus, this Court lacks jurisdiction under the Federal FOIA.

#### B. Arkansas Freedom of Information Act

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton,* 568 U.S. 251, 256 (2013). "[F]ederal question jurisdiction . . . grants federal district courts 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Ltd.*, 843 F.3d 325, 328 (8th Cir. 2016) (quoting 28 U.S.C. § 1331). Clearly,

3

the Arkansas Freedom of Information Act, Ark. Code Ann. § 25-19-101 *et seq.,* does not fall within the Court's original jurisdiction.

This Court can exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. To establish diversity jurisdiction, two requirements must be met: (1) the parties must be citizens of different states; and (2) the amount in controversy must exceed $75,000 exclusive of costs and interest. 28 U.S.C. § 1332(a). Here, the parties are both citizens of Arkansas, resulting in a lack of diversity jurisdiction. Thus, the Court lacks subject matter jurisdiction over the Arkansas FOIA claim.

### C.  Constitutional Claim under § 1983

This leaves the Court with a final question of whether the Defendant violated the Constitution when she allegedly provided Plaintiff with partially falsified documents. Section 1983 provides "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.

Submission of false information in a criminal case can result in a constitutional violation. For example, an application for a warrant based upon an affidavit containing deliberate falsehoods, or statements made in reckless disregard for the truth, violate the Fourth Amendment. *See e.g., Morris v. Lanpher,* 563 F.3d 399, 402 (8th Cir. 2009). Additionally, the deliberate manufacture of false evidence may contravene the Due Process Clause when the evidence is manufactured to frame an individual. *See Mitchell v. Dakota Cnty. Soc. Servs.,* 959 F.3d 887, 899 (8th Cir. 2020); *Winslow v. Smith,* 696 F.3d 716, 732 (8th Cir. 2012).

Here, Plaintiff does not allege the false report and/or records were submitted in connection with his criminal case. Plaintiff says both the report and cell phone records were provided directly to him; he discovered the falsehoods by comparing the information received from Defendant with that received in discovery during his criminal case.

Construing Plaintiff's claim under the Fourteenth Amendment's "rubic of substantive due process," the claim fails. "To establish a violation of substantive due process rights by an . . . official, a plaintiff must show (1) that the official violated one or more fundamental constitutional rights, and (2) that the conduct of the . . . official was shocking to the contemporary conscience." *Truong v. Hassan,* 829 F.3d 627, 631 (8th Cir. 2016). Here, Plaintiff does not allege that one or more of his fundamental constitutional rights have been violated. Further, it has been held that a plaintiff does not have a constitutional right to accurate police reports. *Shock v. Tester,* 405 F.2d 852, 854-55 (8th Cir. 1969)(no substantive due process claim against highway patrolman who allegedly prepared and filed a false accident report); *Futrell v. Hayden,* No. 4:22-cv-00256, 2022 WL 1902208 (E.D. Mo. May 17, 2022). For these reasons, any substantive due process claim fails.

Moreover, Plaintiff has sued the Defendant in her official capacity only. An official capacity claim is one against the employing entity – here, the City of Bentonville. *Kelly v. City of Omaha, Neb.,* 813 F.3d 1070, 1075 (8th Cir. 2016). To prevail on such a claim Plaintiff must establish the governmental entity's liability for the alleged conduct. *Id.* Plaintiff alleges misconduct on the part of a single employee of the City of Bentonville; however, Plaintiff does not mention a policy or custom nor does he allege that the Defendant was improperly trained. Absent such allegations, no municipal liability exists. *Monell v. Dep't. of Soc. Servs.,* 436 U.S.

658, 690 (1978).

## IV. CONCLUSION

For the reasons stated, it is recommended that Plaintiff's case be dismissed without prejudice (1) as this Court lacks subject matter jurisdiction over Plaintiff's Arkansas Freedom of Information Act claim; and (2) the remainder of Plaintiff's complaint fails to state claims on which relief may be granted.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 3rd day of November 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE